| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY (TRENTON)** | |
| **RAS Citron, LLC**<br>130 Clinton Road, Suite 202<br>Fairfield, NJ 07004<br>Telephone Number 470-321-7112<br>Attorneys for Secured Creditor<br>**JPMorgan Chase Bank, N.A.** | Order Filed on June 25, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| **In Re:**<br><br>**Brian William Ballentine.**<br><br>      Debtor. | Case No.: 19-31911<br>Chapter: 13<br>Chief Judge Michael B. Kaplan |

## ORDER RESOLVING OBJECTION TO CONFIRMATION OF PLAN FILED BY JPMORGAN CHASE BANK, N.A.

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: June 25, 2020**

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

THIS MATTER having come before the Court on the Objection to Confirmation of Plan (Docket #17) filed by RAS Citron, LLC counsel for Secured Creditor, JPMorgan Chase Bank, N.A. ("Secured Creditor"), as to the collateral 2012 Subaru Impreza - VIN Number JF1GPAC67CH226533 (the "Collateral"), and William S. Wolfson, Esq. representing the debtor Brian William Ballentine (the "Debtor"), and the parties agreeing to the entry of the Order settling the Objection, and for good cause shown; it is ORDERED AND DECREED as follows:

1. The treatment of Secured Creditor's Claim is modified as follows: the secured claim of Secured Creditor will be crammed down to three thousand six hundred dollars ($3,600.00), which amount will be paid over the term of the Debtors' Chapter 13 Plan, which will not extend past 48 months, at 7.04% in monthly installments of $86.27 in principal and interest to be included in the Debtor's monthly trustee payment, calculated as follows:

| | |
|---|---|
| Crammed Down Value: | $3,600.00 |
| Total interest (7.04% over 48 months): | $ 541.12 |
| **Total to be paid:** | **$4,141.12** |
| Number of Months | 48 |
| **Monthly Payment toward Cram Down:** | **$ 86.27** |

2. The balance of the claim shall be reclassified as a General Unsecured Claim and paid in accordance with the treatment afforded other General Unsecured creditors.

3. The Debtor shall maintain automobile insurance on the Collateral.

4. Except as otherwise provided herein, all remaining terms of the loan documents shall govern the treatment of Secured Creditor's Claim.

5. Acceptance by Secured Creditor, and/or any servicer, of a late or partial payment shall not act as a waiver of Secured Creditor's right to proceed as stated above.

6. In the event of any uncured default, or dismissal or conversion to another chapter under the Bankruptcy Code, the terms of this Order shall be void, and Secured Creditor shall retain its lien in the full amount due under the loan documents prior to the commencement of this bankruptcy case.

7. The terms of this Stipulation may not be modified, altered, or changed by any subsequently filed plan, or any order thereon without first seeking express written consent of

Secured Creditor. If Secured Creditor denies Debtor's request to modify the terms of this Stipulation, Debtor may seek court approval to modify the terms of this Stipulation after notice to Secured Creditor and their counsel herein, and hearing held.